NEW YORK & WESTCHESTER WATER CO. v. MORNING JOURNAL ASS'N.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

PLEADING—FRIVOLOUS DEMURRER—ACTION FOR LIBEL.
    Where a complaint for libel alleges that the words were published with a malicious intent to injure plaintiff's business, but does not, in terms, allege that they were spoken of and concerning plaintiff, a demurrer to the complaint will not be *held* frivolous.

Appeal from special term, New York county.

Action by the New York & Westchester Water Company against the Morning Journal Association for libel. Defendant demurred to the complaint. From an order granting judgment in favor of

plaintiff on the ground that the demurrer was frivolous, defendant appeals.    Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, and INGRAHAM, JJ.

B. F. Einstein, for appellant.

Franklin Bien, for respondent.

PER CURIAM.    The words claimed to be libelous are not in terms alleged to be spoken of and concerning the plaintiff.    The learned judge below held that equivalent words are alleged.    This, however, does not seem to be borne out by what was actually alleged.    The allegation was that the words were published with the malicious intent and purpose to injure the business of the plaintiff. This is not an averment that the words were spoken of and concerning the plaintiff, nor is it equivalent thereto.    The same observations apply to the other statements referred to by the learned judge. It is quite clear, at all events, that whether the words stated were equivalent to the necessary words was not so evident as to justify the treatment of the demurrer as frivolous.    The parties should at least have been permitted to argue the demurrer in the ordinary course at special term.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.